## GID MONTJOY *v.* WALTER PILLOW.

1. FERRY. *Power of board of supervisors to license more than one near same point.*
   Section 20, article vi, of the constitution confers upon boards of supervisors "full jurisdiction over ferries," and § 873 of the Code of 1880 provides that such boards "shall have power to authorize and establish public ferries wherever they may think proper to keep the same; but the owner of the soil where the ferry is established shall always have the privilege of keeping such ferry in preference to any other person if he will comply with the requirements of this act." Under these provisions a board of supervisors has the power, after granting one ferry license to a riparian owner, and while the same is in force, to grant another license to another such owner to keep a ferry on the same stream and within one hundred yards of the ferry of the first licensee.

2. SAME. *Privilege of licensee subject to infringement.*
   The holder of a license to keep a ferry enjoys his privilege subject to the power and duty of the board of supervisors to establish other ferries as near to or as far from his as the public convenience, in the judgment of the board, may require.

APPEAL from the Circuit Court of Le Flore County.

HON. C. H. CAMPBELL, Judge.

In April, 1886, the Board of Supervisors of Le Flore County granted Gid Montjoy a license to establish a ferry across the Yazoo River at a certain point where he was a riparian owner. He did establish a ferry then, and has since continued it. In October, 1886, Walter Pillow applied for license to establish a ferry about one hundred yards from Montjoy's ferry, at a point where he (Pillow) was owner of the soil contiguous to the river. Montjoy appeared before the board and resisted Pillow's application. The board granted Pillow the license, and Montjoy appealed to the circuit court, where the judgment of the board was affirmed, and Montjoy appealed to this court.

Section 20, art. vi, of the constitution provides that the board of supervisors of each county "shall have full jurisdiction over roads, ferries, and bridges."

Section 873, Code of 1880, is as follows: "The board of super-

visors of the several counties shall have power to authorize and establish public ferries wherever they may think proper, and to license any person to keep the same; but the owner of the soil where the ferry is established shall always have the privilege of keeping such ferry in preference to any other person if he will comply with the requirements of this act. * * * "

*S. R. Coleman,* for the appellant.

The law says that the owner of the soil shall have the privilege of running a ferry in *preference* to any other person. Code 1880, § 873. This license to Montjoy is a franchise granted by the board of supervisors, and in consideration of his duties, clearly defined in the code, § 873 *et seq.*, that law will protect him against any new establishment calculated to draw away his custom to his prejudice. 3 Kent's Com. side pages 458, 459.

If the creation of the franchise be not declared exclusive, it is necessarily implied in the grant that the government will not, either directly or indirectly, interfere with it so as to destroy or materially impair its value. Every such interference, whether it be by the creation of a rival franchise or otherwise, would be in violation or in fraud of the grant. 3 Kent side page 459.

But we contend that Montjoy, having complied with the requirements of the code, has an exclusive privilege, or the word " preference " used means nothing, and this view of the grant to him is in harmony with the principles of the common law and reconciles the provisions of the statute to its tenets.

Again, while the constitution confers upon boards of supervisors full jurisdiction over roads, ferries, and bridges, such jurisdiction is to be exercised in conformity with the laws enacted by the legislature. 60 Miss. 658; 58 Miss. 143. Then, when the statute provides that the owner of the soil shall have the preference, as in § 873, does it not mean that the owner of the soil where the highway crosses the river, and, *a fortiori*, that they have no powers to establish a ferry except on a highway?

This court has said in *Sullivan* v. *The Board of Supervisors,* 58 Miss. 790, that a ferry is but the continuation of a public highway, and the board, having licensed Montjoy to keep the ferry

at the point where the public road crossed the river, he having complied with the law, could they have granted license to another party to keep the same ferry ?—at least until it was shown that Montjoy's ferry was incapable of answering the wants of the traveling public? Then, if they could not directly destroy the preference given under the statute, can they do so indirectly? Yet such is the practical result of the grant to Pillow. But in *Blake* v. *McCarthy,* 56 Miss. 654–659, it was virtually determined that two ferries could not be operated at the same place.

*S. R. Coleman* also made an oral argument.

*Rush & Gardner,* for the appellee.

Under § 873, Code of 1880, the board of supervisors may "establish public ferries wherever they may think proper." The constitution gives full jurisdiction and the legislature has seen fit to intrust them with some discretionary power in reference to the public convenience, and if they "think proper" to establish a ferry for the public good their decision of the fact must remain conclusive. See Cooley's Con. Lim., 5th ed., 40, 42.

The appellant has no rights by prescription, nor has he any right that cannot be modified or even revoked if the public interest requires it. *Sullivan* v. *Board of Supervisors,* 58 Miss. 790. The board of supervisors is a special court to pass upon the public necessity, and when they pass upon it that question is finally settled.

In order to set up any claim to exclusive privilege, such privilege would have to be clearly set forth in the grant.

Nothing can be implied against the public. *Collins et al.* v. *Sherman,* 31 Miss. 680, 700 (2d George).

The grant of license to appellant shows no such privilege granted.

If the grant of exclusive privilege had been specified in appellant's license it would avail nothing. The board of supervisors cannot contract away public convenience. *Seal* v. *Donnelly,* 60 Miss. 658 ; *Charles River Bridge Co.* v. *Warren Bridge,* 11 Pet. 420.

The fact that appellant's ferry is less valuable than it was when

there was no other ferry near him is no reason why the public interests should be longer neglected for his pecuniary gain.

" It is but one of the numerous cases in which individual interest and advantage must yield to the public good, and the hardship and loss occasioned by the power over the subject reserved by the State (board) are but the result of the tacit agreement which he made with the State (board) in accepting the grant." *Collins* v. *Sherman, supra.*

*W. T. Rush,* of counsel for the appellee, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

Considered, as the case must be, in the light of constitutional and statutory provisions, instead of the common law on the subject, the wrong of which appellant complains is, from a legal standpoint, entirely imaginary. It was not an invasion of his legal rights for the board of supervisors to license another ferry, near the one kept by him. It was beyond the power of the board, to grant such rights and privileges as appellant seems to suppose he has. The doctrine of vested rights and exclusive privileges cannot be enlisted in his service. Under our statute there can be no monopoly created by the license or action of the board of supervisors, in the privilege of keeping public ferries. The preference which the statute accords to the owner of the soil, where a ferry is established, was observed by the board in the license granted to appellant, but it conferred no indefeasible, exclusive property rights in the franchise. He held and enjoyed it subject to the right, power, and duty of the board to establish other, and as many other ferries, either as near to, or as far from him, as the public convenience, in the judgment of the board, might require.

Public ferries are established for the accommodation of the public, rather than for the gain and advantage of individuals. The establishment of the rival ferry may diminish appellant's revenue, but it may also promote the general welfare. Competition may be healthful and beneficial, even in the keeping of public ferries. The keeper of a public ferry must rely, for his profits, somewhat on his ability and facilities to afford safe, quick, and

cheap transportation, rather than entirely upon a protective policy founded in law, which excludes competition and tends to foster individual interests, at the expense of the public good. The case is within the principles declared in *Sullivan* v. *Supervisors,* 58 Miss. 790, and *Seal* v. *Donnelly,* 60 Ib. 658.

<div align="right">

*The judgment is affirmed.*